There is no necessity for recurring to our grant, as the defendant's grant is certainly void; the jury will have it with them, and will be best able to judge of this; it has been erased and altered, — though good when made, it is now shamefully defaced, and rendered invalid.[3] The first entry of the defendant, for 5200 acres, certainly cannot give any right, and the fraudulent alteration *Page 407 
of the grant destroys its effect. As to the place of Reid's entry on the books, it was no fault of his, but of the entry taker. Our entry was made before the Act of 1786 so much talked of. It must derive its efficacy under the laws existing at the time it was made, and, if good by those laws, it cannot be rendered invalid by retrospective provisions. When our location was made there was no law requiring that it should be entered on a book; it might be made on the back of the warrant, or on a separate piece of paper: it was sufficient if the surveyor could understand it. It has been argued that Absalom Tatum may have another claim on Little Harpeth which our tract ought to adjoin. If this were the case the defendant ought to show it, otherwise it will not be presumed. The argument that natural calls must in all cases hold a preference over others, however notorious, is certainly not correct; suppose there be but one station or fort in the country, and an entry were to call to adjoin it, and lie on a branch of a particular name, when a branch of that name was many miles off; could any man say that the fort was not the most prominent call? So I think with respect to the case before the Court. Tatum was a public officer, with whom every person had business, — this was his claim for his public services, as notorious as any other call that could have been devised, if not more so. Independent of the entry, there was personal notice, and it is immaterial how notice is given; it is the same thing in reason. In Virginia and Kentucky an entry is required in all cases, which is not our law.
Mr. GRUNDY expatiated at length on each of these points, and concluded by observing that there could be no doubt of the legality and justice of the plaintiff's claim.
[3] Lofft's ed. Gilb. 108, 109; Bull. N. P. 267.